IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIGHBORS QUALITY HOME CARE, LLC.,<br>and MELISSA GRAYSON<br><br>    Defendants. | Civil Action No. 2:23-CV-1096<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Julie Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Neighbors Quality Home Care, L.L.C., a Pennsylvania limited liability company, and Melissa Grayson, individually and as owner, officer, and manager of the aforementioned company (collectively "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et. seq.* ("the Act"), and for judgement against Defendants in the total amount of back wage compensation found by the Court to be due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. §217, and by 28 U.S.C. §§1331 and 1345.

2. Defendant Neighbors Quality Home Care, L.L.C. ("NQHC") is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania. NQHC's registered address and principal place of business is 1 International Boulevard, Suite #550, Philadelphia, Pennsylvania 19113, within the jurisdiction of this Court. NQHC is engaged in a

domestic homecare business operating out of this same location, within the jurisdiction of this Court.

3. Defendant Melissa Grayson is the president and sole owner of Defendant NQHC. Ms. Grayson directed employment practices and has directly or indirectly acted in the interest of NQHC in relation to its employees at all relevant times herein, including recruiting, hiring, firing, setting pay rates for employees, and setting the conditions of employment for employees of NQHC. These actions all took place within the jurisdiction of this Court.

4. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. NQHC's employees are employed as home health aides ("HHAs") to provide in-home care services to NQHC's clients.

5. At all times relevant herein, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that the Defendants have been, through a unified operation of common control, engaged in the performance of related activities for a common business purpose. 29 U.S.C. §203(r). These activities constituted (and/or were related to) the provision of health care services to customers, in furtherance of the Defendant's business purposes. 29 U.S.C. §203(r).

6. At all times relevant herein, Defendants have employed, and are employing, employees in the activities of an enterprise engaged in commerce. Specifically, employees worked as home health care workers. Further, at all times relevant herein, Defendants have had annual gross volume sales made or done in an amount not less than $500,000, thereby affording coverage to all of their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. §203(s)(1)(A)(ii).

7. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees, specifically home health care workers, in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce, for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8. For example, during the time period from at least March 14, 2022, through at least November 20, 2022, Defendants either failed to compensate certain of their employees employed as HHAs who worked over 40 hours in a workweek at rates not less than one and on-half times their regular rates or failed to pay employees for all hours worked in excess of forty per workweek. During this time period, these employees worked at least one hour in excess of forty per week. During this time period, employees worked an average of approximately 67 hours per workweek.

9. Defendants paid employees at established regular hourly rates ranging between approximately $10.50 and $15.00 per hour. Defendants paid employees at these straight time regular rates for all hours up to forty per workweek. From at least March 14, 2022, through at least September 4, 2022, Defendants did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per week. For hours worked in excess of forty per week, Defendants paid employees their straight-time hourly rates for all hours worked, or an amount less than one and one-half the employees' regular rates, on the face of Defendants' payroll records.

10. During the time period from at least August 7, 2022 through at least November 20, 2022, Defendants failed to pay employees for all of their hours worked in excess of forty per workweek. Employees would record all of the time worked in a system known as the HHA Exchange. Defendants would not pay employees for all hours which were recorded in the HHA Exchange but would instead pay them for a number of hours that was less than what was reflected in the HHA Exchange. The unpaid hours included hours which were in excess of forty hours per workweek.

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that the Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

12. For example, due to their practices of paying straight time for overtime and failing to pay for all overtime hours worked by employees, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants providing the following relief:

> (1) For an injunction issued pursuant to Section 17 of the Act permanently enjoying and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment from violating the provisions of Section 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation dure to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 14, 2022, through at least November 20, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages.  Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 20, 2022, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due to Defendants' employees; and

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-4856 (voice)<br>(215) 861-5162 (fax)<br>Stelmack.kyle.d@dol.gov | Adam Welsh<br>Wage & Hour Regional Counsel |
| Date: March 21, 2023 | */s/* Kyle D. Stelmack<br>By: Kyle D. Stelmack<br>PA ID # 322944<br><br>Attorneys for Plaintiff |