IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE A. SU, <br> ACTING SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br>    Plaintiff, <br><br>    v. <br><br> NEIGHBORS QUALITY HOME CARE, LLC., <br> and MELISSA GRAYSON <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:23-CV-1096 <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Julie A. Su, Acting Secretary of Labor, moves for default judgment in favor of

the Secretary against Defendants Neighbors Quality Homecare, LLC ("Neighbors Quality") and

Melissa Grayson (together, "Defendants").  Defendants failed to pay the applicable overtime

premiums when employees worked more than forty hours in a workweek and failed to pay

employees for all the overtime hours worked.  The Secretary requests that the Court grant the

relief detailed in the proposed order accompanying this memorandum of law to remedy

Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*.

(hereinafter "the Act" or "the FLSA").

In violation of Sections 7 and 15(a)(2) of the Act, Defendants failed to pay non-exempt

employees the applicable overtime premiums when employees worked more than forty hours in

a workweek.  Defendants also failed to pay employees for all the hours which they worked in

excess of forty hours per work week.  Additionally, in violation of Section 11(c) of the Act,

Defendants failed to make, keep, and preserve adequate records of their employees and of the

wages, hours, and other conditions and practices of employment maintained by them.  The

Secretary moves the Court to enter a default judgment against Defendants pursuant to Sections

16(c) and 17 of the Act and order the following: (1) that Defendants are enjoined and restrained

from withholding gross back wages in the amount of $82,149.53 from Defendants' current and

former employees listed in the Schedule A attached to the Secretary's Complaint (ECF No. 1)

and more specifically set forth in Exhibit A for the period of March 14, 2022 to November 20,

2022; (2) that Defendants are liable for an equal amount of $82, 149.53 in liquidated damages;

and (3) that Defendants are enjoined from violating Section 7, 11(c), and 15(a)(2) of the Act in

the future.

## I.      BACKGROUND AND FLSA COVERAGE

Defendant Melissa Grayson owns and operates Defendant Neighbors Quality, a domestic

homecare business in Philadelphia, Pennsylvania.  ECF No. 1, Compl. ¶¶ 2, 3.  Starting in or

around March 2022, the Wage and Hour Division of the U.S. Department of Labor ("Wage and

Hour") investigated Neighbors Quality to determine, *inter alia*, its compliance with the overtime

and recordkeeping provisions of the Act.  *See* Declaration of Rowena Luk, Wage and Hour

Divisions Investigator, Department of Labor ("Luk Decl."), attached hereto as Exhibit A, at ¶¶ 1,

2.

The Defendants' employees are employed as home health aides ("HHAs") and provide

in-home care services to Neighbors Quality's clients.  Compl. ¶4.  Defendants' employees would

record all their hours worked in a system known as "HHA Exchange" which would then be used

by the Defendants to determine the number of hours worked by each employee per week.

Exhibit A, ¶ 6; Compl. ¶ 10.  From March 14, 2022, to November 20, 2022, these employees

worked an average of approximately 67 hours per work workweek and were paid regularly

established hourly rates ranging between approximately $10.50 and $15.00 per hour.  Compl. ¶ 8, 9.

These business practices establish coverage under the FLSA.  From at least March 14, 2022, to November 20, 2022, home care workers employed by Defendants were engaged in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C. §202(a)(5).  Compl. ¶ 4.  In addition, although Neighbors Quality has not filed corporate tax returns since 2020, administrators for the business estimate the firm's ADV to be over $500,000. Exhibit A, ¶ 4.  Accordingly, employees employed by Neighbors Quality were employed in an enterprise that met the requirements for an "enterprise engaged in commerce" under Section 3(s)(1)(A) of the FLSA.  The employees are therefore entitled to the protections of Section 7 of the Act.  Compl. ¶ 6; 29 U.S.C. §§202(a)(5); 203(s)(1)(A); 207(a).

Melissa Grayson also meets the FLSA's definition of "employer" with respect to the employees at Neighbors Quality.  Compl. ¶ 3.  Ms. Grayson is the president and sole owner of Neighbors Quality, has directed employment practices and has directly or indirectly acted in the interest of Neighbors Quality in relation to its employees including recruiting, hiring, firing, setting pay rates, and setting conditions of employment.  *Id.*  Therefore, Ms. Grayson is an "employer" of Neighbors Quality pursuant to Section 3(d) of the FLSA, 29 U.S.C. §203(d), and is individually liable for the FLSA violations at issue.

## II.    FLSA VIOLATIONS

Wage & Hour's investigation revealed that the Defendants violated the FLSA's overtime and recordkeeping requirements in three ways.  First, employees at Neighbors Quality were not paid the required overtime premium pay pursuant to Section 7 of the Act.  Exhibit A, ¶ 5.  From at least March 14, 2022, through at least September 4, 2022, Defendants paid their HHAs

straight time for overtime in the vast majority of workweeks, in violation of Section 7(a) of the FLSA.  Under Section 7(a), employers are required to pay non-exempt employees time-and-one-half their regular rates for hours worked in excess of forty per workweek.  These violations appear on the face of Neighbors Quality's payroll records, and interviewed employees confirmed this practice.

Second, from at least August 7, 2022 through at least November 20, 2022, Defendants failed to pay their HHAs for all their hours worked in in excess of forty per workweek.  Exhibit A, ¶ 6.  As noted *supra*, all of Neighbors Quality's HHAs were required to record each of their hours worked in a system known as HHA Exchange.  On the face of Neighbors Quality's payroll records, employees were not being paid for all of the hours that were reflected in the HHA Exchange but were instead being paid for a number of hours which was less than what was recorded in the HHA Exchange.  This is again a violation of Section 7(a) as employees were not being paid at a rate of time-and-one-half their regular rate for all hours worked in excess of forty per workweek.

Finally, Neighbors Quality violated the FLSA's recordkeeping requirements.  Due to Neighbors Quality's practices of paying straight time for overtime and failing to pay for all overtime hours worked by HHAs, Neighbors Quality failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. Exhibit A, ¶¶ 12, 13. These failures violate the provisions of Section 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees which they maintained pursuant to 29 C.F.R. §§516.2(a), 516.5(a).

### III.    PROCEDURAL HISTORY

The Secretary filed her Complaint in this matter on March 21, 2023.  ECF No. 1.  On

May 1, 2023, Defendant Melissa Grayson executed a Waiver of Service of the Summon and

Complaint on her behalf which the Plaintiff filed with the Court on May 15, 2023.  ECF No. 4.

On May 16, 2022, Defendant Melissa Grayson executed a Waiver of Service of the Summons

and Complaint on behalf of Defendant Neighbors Quality in her capacity as owner and president.

Plaintiff filed the executed waiver with the Court that same day.  ECF No. 5.  Defendants were

required to file a pleading in response to the Complaint by May 22, 2023.

The Defendants failed to plead or otherwise defend.  On July 19, 2023, the Secretary filed

a request to enter default against Defendants.  ECF No. 6.  The Clerk entered default against

Defendants on July 20, 2023.  ECF No. 7.

### IV.    ARGUMENT

#### A.    *Legal Standard*

Motions for default judgment are decided pursuant to Rule 55 of the Federal Rules of

Civil Procedure.  A plaintiff must first request entry of default under Rule 55(a) and then move

the Court for a default judgment under Rule 55(b).  Fed. R. Civ. P. 55(a)-(b).  On July 20, 2023,

the Clerk entered default against Defendants.  ECF. No. 7.  Pursuant to Rule 55(b)(2), the

Secretary now moves the Court for a default judgment against Defendants.

In deciding a motion for default judgment, a court should accept all well pled factual

allegations in the Complaint as true.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.

1990).  Although it need not accept the moving party's factual allegations related to the amount

of damages, the court may rely on affidavits to determine the appropriate sum of damages.  *E.*

*Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009).

B.     *The Secretary's well-pled Complaint demonstrates that Defendants violated the FLSA.*

Plaintiff's well-pled allegations, as summarized *supra*, demonstrate that Defendants failed to pay overtime at the proper rate, failed to pay for all overtime hours worked by employees, and failed to maintain full and accurate records of their employees.  The facts in the Complaint sufficiently allege a cause of action for violations of the Act because the Complaint sets forth coverage for Defendants' employees and specific pay practices that violated Sections 7, 11(c), and 15(a)(2) of the FLSA.  The well-pled facts of the Complaint establish that Defendants violated Sections 7 and 15(a)(2) of the Act by paying overtime wages at a rate less than time-and-one-half of employees' regular rate and by failing to pay employees for all overtime hours worked.  Compl. ¶¶ 9, 10.  Finally, the well-pled facts in the Complaint establish that Defendants violated Section 11(c) of the FLSA by failing to make, keep, and preserve adequate records of their employees. Compl. ¶¶ 11, 12.

C.     *The Secretary is entitled to default judgment against Defendants.*

The Third Circuit has established three factors which courts should consider when determining whether a default judgment be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) citing *United States v. $55,518 in U.S. Currency*, 728 F.2d 192 195 (3d. Cir. 1984); *see also Ackourey v. Raja Fashions Bespoke Tailors*, No. 13-2315, 2014 WL 4473656, at *2 (E.D. Pa. Sept. 11, 2014).  District Courts have analyzed additional factors such as: (1) jurisdiction both over the subject matter and parties; and (2) whether defendants have been properly served. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp. 2d 532, 535-36 (D.N.J. 2008); *Wilmington*

6

*Savings Fund Soc., FSB v. Left Field Props., LLC*, No. 10 Civ. 4061, 2011 WL 2470672, at *1

(D.N.J. June 20, 2011).

Application of the factors set forth in *Chamberlain*, and additional factors considered by

the courts, demonstrate that the Secretary is entitled to default judgment against Defendants.

First, the Secretary will be prejudiced in the absence of a default judgment because she will be

prevented from establishing liability by any other method and her efforts to enforce the Act will

therefore be hindered. *See Walsh v. Loving Kindness Healthcare Sys., LLC*, No. 20 Civ. 1087,

2021 WL 2700852, at *4 (W.D. Pa. July 1, 2021) ("*Loving Kindness*") (finding prejudice to

Secretary in FLSA case "because he could not proceed with the action" and "Defendants'

employees would be denied the wages earned but not paid and owed them"); *Acosta v. DRF*

*Hospitality Management, LLC,* 2019 WL 1590931 at *12 (E.D. N.Y. March 13, 2019) (finding

Secretary of Labor was prejudiced because there was no "alternative legal redress"); *Bibbs v.*

*Sec. Atl. Mortg. Co.*, No. 10 Civ. 0346, 2012 WL 3113975, at *2 (E.D. Pa. Aug. 1, 2012) (finding

"Plaintiff will suffer prejudice . . . because she will have no other way to vindicate her claims

against [defendants]."); *Solis v. United Buffet, Inc.,* 2012 WL 669867 at *3 (N.D. Cal. Feb. 29,

2012) (employees on whose behalf the Secretary brings the action would be prejudiced if default

not awarded since they would be deprived of compensation).

As to the second *Chamberlain* factor, there is no indication that Defendants have a

litigable defense.  Defendants executed waivers of service and have failed to respond to any

deadlines.  Because Defendants have not submitted any responsive pleadings, the Court can and

should assume defendants have no litigable defense.  *See Santiago v. Lucy Lodi Buffet, Inc.*, 2016

WL 6138248, at *3 (D.N.J. 2016) (concluding in an FLSA case alleging failure to pay overtime

that "in the absence of any responsive pleading and based upon the facts alleged in the

Complaint, Defendants do not have a meritorious defense"); *Bibbs*, 2012 WL 3113975, at *2

(interpreting "the lack of any response from [defendants] to mean that they have no litigable

defense to plaintiff's claims against them."); *Rose Containerline, Inc. v. Omega Shipping Co.,

Inc.*, No. 10 Civ. 4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (finding that defendant

had no litigable defense available where defendant offered no defense, and the facts asserted in

the complaint did not contain any information that would provide the basis of a meritorious

defense).

There is no question that Defendants violated Sections 7 and 11(c) of the FLSA.  On the

face of Defendants' records, Defendants failed to pay employees on Schedule A the required

overtime premium and instead only paid them straight time for all hours worked.  Further, the

face of the records also reveal that the Defendant failed to pay employees for all overtime hours

that they worked and recorded in the HHA Exchange.  By failing to pay for all hours worked and

to pay proper overtime premiums, Defendants have also failed to make, keep, or preserve records

for certain employees.  Defendants have no litigable defense for their obvious failures to comply

with these sections of the Act.

Finally, sufficient evidence of culpable conduct exists to satisfy the third *Chamberlain*

factor.  Despite Defendants executing waivers of service specifically acknowledging Defendants'

deadline to respond to the Complaint, Defendants have not retained counsel, moved, plead, or

otherwise defend this matter.  These actions indicate culpable conduct.  *Ackourey*, 2014 WL

4473656, at *2 (determining that the defendant's failure to plead, answer, or otherwise respond

indicates culpable conduct and a lack of defense); *Bibbs*, 2012 WL 3113975, at *2 ("defendants'

failures to respond to the first amended complaint are due to culpable conduct, as the docket

indicates they were properly served"); *Gross v. Stereo Component Sys., Inc.*, 700 F.3d 120, 123 (3d Cir. 1983) (defining culpable conduct as dilatory behavior that is willful or in bad faith).

Examining the additional factors considered by the Courts similarly supports a default judgment against Defendants.  First, this Court has subject matter jurisdiction over this action pursuant to Section 17 of the FLSA, and the Court has jurisdiction over the Parties because Neighbors Quality is located in Philadelphia, Pennsylvania, and all actions described in the Complaint took place within the jurisdiction of this Court.  Compl. ¶¶ 2, 3.  Second, service upon defendants was proper.  ECF Nos. 4, 5.

Accordingly, entry of default judgment against Defendants is appropriate.

D.       *The Secretary is entitled to all relief requested in the Complaint*

Because all the *Chamberlain* factors are satisfied in this case, the Court can and should order all the relief requested in the Secretary's Complaint.  The Secretary is entitled to recover the amount of back wages and liquidated damages Wage & Hour has calculated based upon Defendant's own records, and injunctive relief is appropriate in the absence of any information that Defendants are currently in compliance with the FLSA.

1.       *The Secretary is entitled to an award of back wages and liquidated damages on behalf of affected employees*

The Secretary is entitled to full back wages based upon the computation of back wages due from the face of Defendants' records and employee interviews.  Employers who violate the FLSA's provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).  Defendants' own time and payroll records prove that Defendant's employees are due $82,149.53 in back wages for unpaid overtime compensation during the time period from March 14, 2022, through at least November

9

20, 2022.  *See* Exhibit A and attachments thereto.  Those employees are also due an equal

amount as liquidated damages under Section 16(b) of the Act in the amount of $82,149.53.

A court may rely upon affidavits to determine the amount of damages to be awarded

pursuant to a default judgment.  *See* Fed. R. Civ. P. 55(b)(2); *Adkins v. Teseo*, 180 F. Supp.2d 15,

17 (D.D.C. 2001) (court need not determine sum to be awarded through a hearing but instead

"may rely on detailed affidavits or documentary evidence to determine the appropriate sum").

The Declaration of Wage & Hour Investigator Luk explains how Defendants' own records,

including payroll, time, and HHA Exchange records, enabled her to identify overtime violations

and calculate the amount of back wages due.  Exhibit A, ¶¶ 19-21.  The court can and should

award back wages based upon these computations.  *See Loving Kindness,* 2021 WL 2700852, at

*4 (entering default judgment in FLSA matter for back wages in amount calculated by Secretary

based on timekeeping records of hours worked per employee).  In addition, because Investigator

Luk's declaration details how back wages were computed based upon Defendants' records, no

hearing is necessary to approve the Secretary's requested damages.  *See Adkins*; *see also*, Charles

A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed.

Supp. 2010).

The Secretary is also entitled to liquidated damages in an amount equal to the back wages

owed.  Employers who violate the FLSA's provisions are "liable to the employee or employees

affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation,

as the case may be, and in and additional equal amount as liquidated damages."  29 U.S.C.

§216(b).  Liquidated damages are compensatory damages provided to employees for losses they

might suffer by reason of not receiving their lawful wages at the time they were due.  *Cooper*

*Electric Supply Co.*, 940 F.ed 896, 907 (3d Cir. 1991) citing *Tri-County Growers, Inc.*, 747 F.2d

121, 128-29 (3d Cir. 1984).  The Court must award liquidated damages unless the employer can

show and objective, good faith belief that its practice as in compliance with the FLSA.  *Brock v.*

*Claridge Hotel & Casino*, 846 F.3d 180, 187 (3d Cir. 1988) (stating that unless employer can

meet its "real burden of proof," the district court is "without discretion to avoid imposing

liquidated damages").

Defendants have not presented any evidence, plain, substantial, or otherwise, that they

acted in good faith and had reasonable grounds for believing that their pay practices complied

with the Act.  In fact, they have decided not to participate in this litigation at all by failing to

answer.  Therefore, the Court must award liquidated damages.  Defendants are therefore liable

for $82,149.53 in liquidated damages, in addition to the $82,149.53 in back wages due for the

period of March 14, 2022, through at least November 20, 2022.

2.       *The Secretary is entitled to injunctive relief.*

Section 17 of the FLSA permits a court to enjoin violations of the FLSA. 29 U.S.C. §

217. "Prospective injunctions are essential because the cost of noncompliance is placed on the

employer, which lessens the responsibility of the [DOL] in investigating instances of

noncompliance." *Martin v. Funtime, Inc*. 963 F.2d 110, 114 (6th Cir. 1992). The question of

whether the Court should issue an injunction is addressed to the sound discretion of the trial

court. *Dole v. Haulaway, Inc*., 723 F. Supp. 274, 288 (D.N.J. 1989*)*; *Donovan v. Rockwell Tire &*

*Fuel, Inc.*, No. C-79-498, 1982 WL 2120, at *9 (M.D.N.C. Mar. 30, 1982) (citations omitted).

Ordinarily, a court should grant prospective injunctive relief, unless it is convinced that there is

not a reasonable probability of a recurrence of the violations. *See, e.g*., *Marshall v. Van Matre*,

634 F.2d 1115, 1118 (8th Cir. 1980); *Mitchell v. Hausman*, 261 F.2d 778, 780 (5th Cir. 1958);

*Lenroot v. Kemp*, 153 F.2d 153, 156 (5th Cir. 1946); *Reich v. Cole Enter., Inc*., 901 F. Supp. 255,

260 (S.D. Ohio 1993); *Brock v. Hamad*, No. 86-757-CIV-5, 1987 WL 46573, at *4 (E.D.N.C. Nov. 25, 1987). Courts generally consider two factors when granting prospective injunctions: (1) previous conduct and (2) future compliance. *SCA Restaurant Corp*., 938 F. Supp. 2d. at 404.

Because Defendants have failed to appear, move, plead or otherwise defend the allegations in the Secretary's Complaint, "their current and future compliance with the FLSA is in question." *Acosta v. DRF Hospitality Management, LLC*, No. CV18346, 2019 WL 1590931, at *12 (E.D.N.Y. March 13, 2019), report and recommendation adopted, No. 18 Civ. 346, 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019). Accordingly, the Secretary has demonstrated violations of the FLSA by Defendants and that the Court is empowered to grant the injunctive relief sought in the proposed order attached hereto, including ordering that Defendants will comply with Sections 7, 11(c), and 15(a)(2) of the Act.

## V.     CONCLUSION

Wherefore, for the foregoing reasons, the Secretary respectfully requests that the Court grant her Motion for Default Judgment against Defendants and enter the attached proposed order.

Respectfully submitted,

Mailing Address:                                    **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                            Seema Nanda
Office of the Regional Solicitor                    Solicitor of Labor
1835 Market Street
Mailstop SOL/22                                     Oscar L. Hampton III
Philadelphia, PA 19103                              Regional Solicitor

(215) 861-4856 (voice)                              Adam Welsh
(215) 861-5162 (fax)                                Wage & Hour Regional Counsel
Stelmack.kyle.d@dol.gov

                                                    */s/ Kyle D. Stelmack*
Date: August 22, 2023                               By: Kyle D. Stelmack
                                                    PA ID # 322944

                                                    Attorneys for Plaintiff